IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL ACTION NO. |
| v. | ) |
| | ) 1:13-CR-048-RWS-ECS |
| KENNETH J. ENRICO | ) |
| | ) |
| _____ | ) |

BRIEF IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS

COMES NOW the Defendant, KENNETH J. ENRICO, by and through undersigned counsel, and files this brief in support of his motion to suppress.

**I.     FACTS**

On October 18, 2012, agents with the FBI executed a search warrant at Mr. Enrico's home in Bohemia, New York. Transcript ("T."), at 5. Seven or eight agents and other FBI employees approached the house at approximately 9:30 in the morning. T. 7. The agents were wearing bulletproof vests, T. 8, T. 25, T. 35, and had badges displayed. T. 8. They were carrying firearms. T. 25. Some agents had their guns drawn during the knock and announce on the front door. T. 16. Their guns were also drawn during the protective sweep. T. 26.

The agents say they told Mr. Enrico that he was not under arrest but that they did have a search warrant. T. 9. Agents entered the home and did a protective sweep.

T. 11.  The agents then entered the 600 square foot one bedroom apartment.  T. 11-14.  Agents spoke with him in the family room, which contained a recliner, a couch, and a television set.  T. 14.

Mr. Enrico continued to say he did not understand what was happening and to ask questions, and Agent Caruana told him "don't play stupid," or "don't be an idiot."  T. 12, 36.  Agent Caruana's unprofessional comment angered Mr. Enrico, who began to speak loudly and respond to Agent Caruana.  T. 13.  Despite the fact that two agents were between him and Mr. Enrico and were attempting to calm Mr. Enrico, Caruana was "standing there" and "glaring at Mr. Enrico."  T. 16.  After he sat down, Mr. Enrico raised his voice to Caruana and asked "why are you looking at me" and attempted to stand up out of his chair.  T. 17.  Caruana then drew and extended his asp baton and raised it as if about to strike Mr. Enrico.  T. 17-18, 37.  Caruana was then asked to leave the room by the lead agent.  T. 18.

Agent Stites then questioned Mr. Enrico at the kitchen table for approximately an hour and a half.  T. 28.  He did not read Mr. Enrico his Miranda rights.  T. 28.  He did not have Mr. Enrico sign a waiver form.  T. 28.  At one point, Mr. Enrico asked for some water,  T. 29, indicating he did not feel free to move about within the home.

## II.     DISCUSSION

The Fifth Amendment provides that any statements made by an accused shall not be admitted prior to *Miranda* warnings being given. *United States v. Luna-Encinas*, 603 F.3d 876, 880 (11th Cir. 2010). Warnings must only be given, however, when a person is "in custody." *Id.*

A person is "in custody" for *Miranda* purposes if, under the totality of the circumstances, a reasonable person would feel restrained to the point that they were not free to leave. *United States v. Jayyousi*, 657 F.3d 1085, 1109 (11th Cir. 2011). Non-exclusive factors to be considered include, whether weapons were brandished, whether physical contact was made, and whether language or tone indicated that compliance could be compelled. *Id.*, at 881.

In this case, officers had their weapons drawn when Mr. Enrico opened the door. T. 16. Their guns were drawn during the protective sweep, during which Mr. Enrico was kept outside. T. 26. There were seven or eight agents and other FBI personnel in the small 600 foot apartment during the encounter. T. 7, 11-14. In addition, Agent Caruana insulted Mr. Enrico, used unprofessional language, and then drew his baton, prepared to strike. T. 12, 17-18, 36-37.

Further evidence that Mr. Enrico felt unable to move freely is the testimony that he asked for water, but did not attempt to serve himself in his own home. T. 29.

He was not handcuffed, but Mr. Enrico was restrained by the show of force. He was in custody and *Miranda* warnings should have been given.

WHEREFORE, Mr. Enrico prays that the court grant his motion to suppress his statement.

Dated: This 9th day of July, 2013.

Respectfully submitted,

/s/ *Nicole M. Kaplan*
NICOLE M. KAPLAN
GEORGIA STATE BAR NO. 382495
ATTORNEY FOR MR. ENRICO

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief in Support of Motion to Suppress was formatted in Times 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following Assistant United States Attorney of record:

>David Leta, Esq.
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia  30303

Dated:  This 9th day of July, 2013.

/s/ *Nicole M. Kaplan*
NICOLE M. KAPLAN