IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL CASE NO. |
| v. | 1:13-CR-00048-RWS-JFK |
| KENNETH J. ENRICO, | |
| Defendant. | |

ORDER REVOKING BOND

Pending before the court is the Government's petition for a show cause hearing on the conditions of Defendant's bond. [Doc. 36]. On March 4, 2013, the court placed Defendant on an unsecured bond in the amount of $25,000 with pretrial supervision. [Docs. 7, 9, 10]. The Government alleged in the petition that Defendant was violating the condition of his bond that he not commit another federal, state or local offense by engaging in the same type of fraudulent conduct as alleged in the indictment. [Doc. 36]. A hearing on the petition was held on October 2, 2013.

After considering the evidence presented at the hearing, the court finds that Defendant is continuing to engage in conduct (an advance fee scheme associated with private residential loans) as charged in the indictment while on this bond. The evidence established that Defendant accepted an advance fee of $2,500 from an

individual in order to secure a private loan through Defendant's "business" - the same business that allegedly operated and through which Defendant conducted the charged advance fee scheme.  Defendant also had communications with two other individuals discussing procuring additional private loans through this business for the same advance fee amount.  For these reasons, the court finds that Defendant violated the condition of his bond that he not engage in further criminal conduct, that is, violations of 18 U.S.C. §§ 1341, 1343, 1349, and finds by clear and convincing evidence that no condition or combination of conditions of bond will ensure that Defendant not continue in said conduct or ensure that Defendant will not pose a threat to the safety of the community.  See United States v. King, 849 F.2d 485, 487 n.2 (11th Cir. 1988) (Citing legislative history of the Bail Reform Act, the court stated, ". . . the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community.  The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence."); United States v. Chappell, 2010 WL 716416, at *3 (M.D. Ala. February 24, 2010) ("'Often it is economic or pecuniary interests of a community rather than physical ones which are most susceptible to repeated danger by a released defendant.'") (citation omitted).

AO 72A
(Rev.8/82)

Accordingly, the court **ORDERS** Defendant detained pending trial.

The Defendant is committed to the custody of the Attorney General or his designated representative of confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of appearance in connection with a court proceeding.

**IT IS SO ORDERED**, this 2nd day of October, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

3